UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

CODY COULTON, et al.,

Plaintiffs,

v.

VINCENT GAETANO LOMBARDI, et al.,

Defendants.

Case No. 25-cv-13911

Hon. Robert J. White

**DEFENDANT JASPER WILLIAM YONKER'S**

**REPLY IN SUPPORT OF MOTION TO DISMISS**

**I. INTRODUCTION**

Plaintiffs' Response highlights a dispositive point: every purported representation regarding Yonker's alleged role was made by other defendants,

not by Yonker himself. Plaintiffs do not allege that Yonker authored, approved, disseminated, or ratified any statement describing him as a "Top Developer," "The Brains," or technical authority. Nor do they allege that Yonker communicated with any Plaintiff, participated in marketing, or held himself out to investors in any forum. Attribution by co-defendants cannot satisfy the defendant-specific pleading required at this stage.

## II. PLAINTIFFS FAIL TO ESTABLISH PERSONAL JURISDICTION

Plaintiffs rely on nationwide service, internet activity, and speculative inferences, none of which establish personal jurisdiction over Yonker as required by due process.

### A. Nationwide Service Does Not Confer Jurisdiction Over Non-Securities Claims

Nationwide service provisions apply only to federal securities claims and do not automatically confer jurisdiction over RICO or state-law claims. Pendent personal jurisdiction is discretionary and inappropriate here.

**B. Johnson v. Griffin Is Inapposite**

Johnson involved defendant-authored forum-directed conduct. Plaintiffs do not allege Yonker authored or targeted any Michigan communications.

**C. Exhibits Cannot Cure Jurisdictional Defects**

Third-party statements cannot establish Yonker's purposeful availment. Jurisdiction must arise from Yonker's own contacts, not the actions of others.

**D. Statements by Co-Defendants Cannot Establish Yonker's Purposeful Availment**

Plaintiffs' jurisdictional theory rests primarily on statements made by Lombardi and others in Telegram chats, whitepapers, and social media posts. Jurisdiction must arise from the defendant's own suit-related conduct, not representations made by third parties. See Walden v. Fiore, 571 U.S. 277, 284 (2014). Plaintiffs do not allege that Yonker authored, posted, controlled, or directed any of the cited communications into Michigan, nor that he approved or adopted those statements.

## III. PLAINTIFFS FAIL TO STATE SECURITIES CLAIMS

Plaintiffs' securities theories fail because the alleged misrepresentations and promotional statements were made by other defendants. Plaintiffs do not allege that Yonker "made" any statement within the meaning of Janus Capital Group, Inc. v. First Derivative Traders, 564 U.S. 135 (2011), nor that he disseminated any statement or engaged in deceptive conduct under Lorenzo v. SEC, 139 S. Ct. 1094 (2019).

## IV. PLAINTIFFS FAIL TO STATE RICO CLAIMS

Plaintiffs allege no predicate acts, no management, and no agreement by Yonker as required under Reves v. Ernst & Young, 507 U.S. 170 (1993).

## V. SPOLIATION ALLEGATIONS ARE IRRELEVANT AT RULE 12

Spoliation does not cure pleading defects or create jurisdiction.

## VI. STATE LAW CLAIMS FAIL

Plaintiffs fail to allege dominion, consumer transactions, agreement, or benefit received by Yonker.

## VII. CONCLUSION

For the foregoing reasons, Defendant Jasper William Yonker respectfully requests that the Court grant his Motion to Dismiss in its entirety. In the alternative, Defendant requests dismissal of all non-securities claims for lack of personal jurisdiction and denial of Plaintiffs' request for jurisdictional discovery. Plaintiffs' attempt to impose liability based on statements and conduct of other defendants cannot satisfy the defendant-specific pleading required at this stage.

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2026, I served the foregoing Reply in Support of Motion to Dismiss upon counsel for Plaintiffs via the Court's CM/ECF system.

/s/ Jasper William Yonker

Jasper William Yonker

Defendant, Pro Se