UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ELVIR PUROVIC, et al.,**
Plaintiffs,

v.

**VINCENT GAETANO LOMBARDI, et al.,**
Defendants.

Case No. 2:25-cv-13911
Hon. Robert J. White

**DEFENDANT VINCENT GAETANO LOMBARDI'S
MOTION TO DISMISS PLAINTIFFS' COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(2), 12(b)(6), AND 9(b)**

**INTRODUCTION**

Plaintiffs attempt to impose sweeping federal securities, RICO, and state-law liability on Defendant Vincent Gaetano Lombardi based not on concrete factual allegations, but on association, conjecture, anonymous online screenshots, and collective pleading. The Complaint fails to allege that Mr. Lombardi owned or controlled any cryptocurrency wallet, deployed or controlled any smart contract, received any investor funds, authored any alleged misrepresentation, or personally solicited any plaintiff. Instead, Plaintiffs rely on impermissible group pleading, speculation "upon information and belief," and unattributed statements from anonymous and impersonated online accounts.

Federal pleading standards do not permit such claims to proceed. Because Plaintiffs fail to plausibly allege attribution, scienter, reliance, causation, control, or receipt of proceeds as to Mr. Lombardi, all claims against him must be dismissed.

**LEGAL STANDARD**

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter to state a claim that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Fraud-based claims must satisfy Rule 9(b), requiring plaintiffs to plead the "who, what, when, where, and how" of the alleged fraud. Frank v. Dana Corp., 547 F.3d 564, 569–70 (6th Cir. 2008).

Federal securities claims are further subject to the heightened pleading requirements of the Private Securities Litigation Reform Act ("PSLRA"), which requires plaintiffs to plead facts giving rise to a strong inference of scienter and to plead loss causation with particularity. 15 U.S.C. § 78u-4(b).

RICO claims require factual allegations showing the defendant participated in the operation or management of a distinct enterprise through a pattern of racketeering activity. Reves v. Ernst & Young, 507 U.S. 170, 179 (1993).

**ARGUMENT**

**I. PLAINTIFFS FAIL TO PLEAD ANY WALLET OWNERSHIP, CONTROL, OR RECEIPT OF FUNDS BY LOMBARDI**

Every claim asserted against Mr. Lombardi depends on the premise that he received, controlled, or benefitted from investor funds. The Complaint fails to plead any such facts.

Plaintiffs do not allege that Mr. Lombardi owned or controlled any blockchain wallet identified in the Complaint; that any investor cryptocurrency was transferred to a wallet owned by Mr. Lombardi; that any cryptocurrency was converted to fiat and deposited into Mr. Lombardi's bank account; or that any personal asset was purchased using traceable investor funds.

Instead, Plaintiffs rely on speculation that certain wallets were "believed to be" controlled by "Defendants." Such allegations are legally insufficient. Courts routinely dismiss claims where plaintiffs list blockchain addresses but fail to plausibly allege ownership or control by a defendant. Without wallet attribution, Plaintiffs cannot plead conversion, unjust enrichment, loss causation, RICO proceeds, or disgorgement.

Accordingly, Counts VIII (Statutory Conversion), XII (Common-Law Conversion), XI (Unjust Enrichment), and all requests for disgorgement or constructive trust must be dismissed as to Mr. Lombardi.

**II. FRAUD-BASED CLAIMS FAIL UNDER RULE 9(b) AND THE PSLRA**

**A. Plaintiffs Fail to Attribute Any Misrepresentation to Lombardi**

The Complaint relies heavily on screenshots from Telegram, Twitter/X, and YouTube. However, Plaintiffs do not allege that Mr. Lombardi personally authored, approved, or controlled any specific statement relied upon by any plaintiff.

The Complaint itself acknowledges that Telegram was anonymous and administered by numerous admins & moderators; Twitter/X accounts were controlled by multiple administrators across

different countries; YouTube channels were managed by multiple individuals; and fake groups and impersonated profiles existed using Mr. Lombardi's name and multiple still exist today.

Anonymous or multi-admin statements cannot be attributed to a defendant absent specific factual allegations. Group pleading — repeatedly alleging that "Defendants" made statements — violates Rule 9(b) and the PSLRA.

Because Plaintiffs fail to plead the "who" of any alleged misrepresentation, Count I (Rule 10b-5), Count II (Securities Act §12), Count VI (Common-Law Fraud), and Count IX (MCPA) must be dismissed as to Mr. Lombardi.

### B. Plaintiffs Fail to Plead Scienter

Plaintiffs allege scienter through inference, not facts. They do not allege that Mr. Lombardi received proceeds, profited from investor losses, exercised technical control over the smart contract, or had any motive to defraud. Lifestyle photographs and conjecture about wealth do not establish scienter. Under the PSLRA, Plaintiffs must plead facts giving rise to a strong inference of intent — not suspicion or association.

### C. Plaintiffs Fail to Plead Reliance or Loss Causation

Plaintiffs do not allege that any named plaintiff communicated directly with Mr. Lombardi, relied on any statement personally made by him, or was solicited by him. Indeed, Mr. Lombardi does not know any of the named plaintiffs. Absent individualized reliance and a causal nexus between a defendant's conduct and a plaintiff's loss, securities and fraud claims fail as a matter of law.

### III. RICO CLAIMS FAIL AS A MATTER OF LAW

Plaintiffs' RICO claims (Counts IV and V) fail for multiple independent reasons. Plaintiffs fail to allege that Mr. Lombardi participated in the operation or management of any enterprise, committed any predicate act of wire fraud attributable to him, or received any RICO proceeds. Courts routinely dismiss RICO claims premised on overbroad narratives and collective pleading. Counts IV and V must be dismissed with prejudice as to Mr. Lombardi.

### IV. CONTROL-PERSON LIABILITY (§20(a)) FAILS

Section 20(a) liability requires actual power to control a primary violator and culpable participation. Plaintiffs allege neither. Mr. Lombardi had no contractual authority, no deployer wallet, no unilateral platform control, and received no compensation. Accordingly, Count III must be dismissed.

### V. VEIL-PIERCING ALLEGATIONS FAIL AS A MATTER OF LAW

Plaintiffs allege that Mr. Lombardi's unrelated LLCs were alter egos used to conceal crypto

proceeds. Yet Plaintiffs plead no facts showing commingling, domination, undercapitalization, or misuse. The Complaint admits the LLCs were legitimate operating businesses unrelated to crypto. Conclusory veil-piercing allegations cannot survive a motion to dismiss and must be dismissed as to Mr. Lombardi.

**VI. THE COURT LACKS PERSONAL JURISDICTION OVER LOMBARDI**

Alternatively, dismissal is required under Rule 12(b)(2). Mr. Lombardi is a Florida resident with no Michigan presence. He did not target Michigan residents, did not solicit Michigan plaintiffs, and did not conduct Michigan-directed activity. Plaintiffs' reliance on passive internet accessibility is insufficient to establish jurisdiction.

**CONCLUSION**

For the foregoing reasons, Defendant Vincent Gaetano Lombardi respectfully requests that the Court dismiss all claims against him, with prejudice where amendment would be futile, and grant such other relief as the Court deems just.

Date  2/18/26

Vincent Lombardi

*Vincent Lombardi*
_____

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served a true and correct copy of Defendant Vincent Gaetano Lombardi's Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed. R. Civ. P. 12(b)(2), 12(b)(6), and 9(b) by depositing the same in the United States Mail, first-class postage prepaid, addressed to:

Michael A. Chehab, Esq.
Blue Oak Law Firm PLLC
38410 Westchester Rd
Sterling Heights, MI 48310

Dated: 2/18/26

Vincent Gaetano Lombardi
Defendant, Pro Se