UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CODY COULTON, et al.,

     Plaintiff(s),

v.

VINCENT GAETANO LOMBARDI,
et al.,

     Defendant(s).

Case No. 25-cv-13911

Honorable Robert J. White

## ORDER GRANTING PLAINTIFFS' MOTION FOR ALTERNATE SERVICE AND EXTENSION OF SUMMONSES

Pending before the Court is Plaintiffs' Motion for Alternate Service of Process upon Defendant Thomas Bradley Messier (aka "Brad Messier") and Defendant XDRIP Digital Management LLC, and for an Extension of the Summonses as to Defendant Jason Morrow (ECF No. 2, PageID.181-182). Plaintiffs seek leave to serve Defendants Messier and XDRIP by first-class mail, posting at the residence and registered address, email to the XDRIP published email address, and direct message to the official XDRIP X.com page. Plaintiffs also seek a thirty (30) day extension of the summons as to Defendant Jason Morrow.

1

Plaintiffs have demonstrated due diligence in attempting service by conventional means. A certified process server submitted an affidavit stating that he had made four attempts at Defendant Messier's registered agent address without success, while documenting evidence of occupancy: lights on inside the home, personal and business vehicles present (including a truck displaying "Luminocity Electrical Design," another company for which Defendant Messier is the registered agent at the same address), and artwork bearing Defendant's surname visible inside the residence. Additionally, certified mail sent to the same address has not been accepted or returned. These facts indicate Defendant Messier resides at this address and is deliberately avoiding service.

Federal Rule of Civil Procedure 4(e)(1) permits service by methods authorized under state law. Michigan Court Rule 2.105(J) authorizes the Court to permit service "in any other manner reasonably calculated to give the defendant actual notice" when service cannot reasonably be made by standard methods. The constitutional standard requires only that service be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). The proposed methods satisfy this standard.

Accordingly, it is ORDERED that Plaintiffs' Motion for Alternate Service of Process (ECF No. 14) is GRANTED.

It is further ORDERED that Plaintiffs are DIRECTED to effectuate service of the Summons, Complaint, and this Order upon Defendant Thomas Bradley Messier (Brad Messier), individually, and upon Defendant XDRIP Digital Management LLC, to which Messier is also its registered agent, by:

(1) USPS first-class mail to 1345 Diana Lane, Colorado Springs, CO 80909;

(2) posting at 1345 Diana Lane, Colorado Springs, CO 80909;

(3) email to contact@xdrip.io; and

(4) direct message to the official XDRIP X.com page (x.com/XDRIP).

It is further ORDERED that, good cause having been shown, the summons as to Defendant Jason Morrow is extended for thirty (30) days from the date of this Order.

SO ORDERED.

Dated: March 5, 2026                    s/Robert J. White_____
                                        Robert J. White
                                        United States District Judge

3